UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MATHEW LUCAS AYOTTE,          )
                                         )
          Plaintiff         )
                                         )
v.                                   ) Civil No. 9-578-B-W
                                       )
FAMILY DOLLAR STORE, et al.,     )
                                       )
         Defendants     )

ORDER

Plaintiff, an inmate at the Somerset County Jail in Madison, Maine, has filed a Complaint pursuant to 42 U.S.C. § 1983, and seeks leave to proceed in forma pauperis.  Plaintiff's request for leave to proceed in pauperis is incomplete, in that there is no ledger showing the activity in Plaintiff's prisoner account with the Somerset County Jail for the last six months that has been signed by an authorized individual from the Jail.  The only attachment Plaintiff provides is an Inmate Transaction Detail dated November 13, 2009.

See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action ... without prepayment of fees or security therefore, in addition to filing the affidavit...shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which [he] is or was confined") (emphasis added).

The Clerk is hereby directed to forward a form Application to Proceed *In Forma Pauperis*, incorporating the amendments, to the Plaintiff.  Plaintiff is hereby ORDERED to file an Amended Application to Proceed *In Forma Pauperis*, or pay the filing fee of $350, no later

than December 9, 2009,  failing which I will issue a recommendation that this matter be dismissed for lack of prosecution.

Before he decides to proceed with this suit, Ayotte is cautioned that his complaint is susceptible to dismissal because there does not seem to be federal jurisdiction over his claim that he is entitled to redress against this private employee of the Bangor, Maine, Family Dollar Store for an alleged assault. The named defendants are, per Ayotte's own allegations, non-state-actors. See 42 U.S.C. § 1983; Brown v. Newberger, 291 F.3d 89, 93 (1st Cir.2002)("We dispose of these claims with a common holding that because all of these defendants were private actors, they cannot be subjected to Section 1983 liability as having acted under color of state law.").  There does not appear to be diversity jurisdiction to the extent that Ayotte intended to invoke it.  See American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 139 (1st Cir. 2004) ("We begin with the abecedarian rule that there must be complete diversity among the parties to sustain diversity jurisdiction.").  If Ayotte seeks to have criminal charges brought against another person or entity, this is not a redress that can be pursued in a civil suit. See Keenan v. McGrath, 328 F.2d 610 (1st Cir. 1964); accord Cok v. Consentino, 876 F.2d 1, 2 (1st Cir. 1989).

*SO ORDERED*

November 18, 2009                              /s/ Margaret J. Kravchuk
                                               U.S. Magistrate Judge