UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATHEW LUCAS AYOTTE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-578-B-W |
| | ) |
| FAMILY DOLLAR STORE, et al., | ) |
| | ) |
| Defendants | ) |

### RECOMMENDED DECISION

On November 18, 2009, I issued an order that by December 9, 2009, Plaintiff Mathew Ayotte either pay the required filing fee or file a properly completed application for leave to proceed in forma pauperis. Ayotte was further advised that failure to fully comply with that order would result in the issuance of a recommendation to dismiss the complaint. I also cautioned Ayotte that his complaint was susceptible to summary dismissal in any event because there does not seem to be federal jurisdiction over his claim that he is entitled to redress against this private employee of the Bangor, Maine, Family Dollar Store for an alleged assault. The named defendants are, per Ayotte's own allegations, non-state-actors. See 42 U.S.C. § 1983; Brown v. Newberger, 291 F.3d 89, 93 (1st Cir.2002)("We dispose of these claims with a common holding that because all of these defendants were private actors, they cannot be subjected to Section 1983 liability as having acted under color of state law."). There does not appear to be diversity jurisdiction to the extent that Ayotte intended to invoke it. See American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 139 (1st Cir. 2004) ("We begin with the abecedarian rule that there must be complete diversity among the parties to sustain diversity jurisdiction."). If Ayotte seeks to have criminal charges brought against another person or entity, this is not a redress that can be pursued in a civil

suit. See Keenan v. McGrath, 328 F.2d 610 (1st Cir. 1964); accord Cok v. Consentino, 876 F.2d 1, 2 (1st Cir. 1989).

As of today's date, the court has received no communication from Ayotte, let alone communication responsive to my November 19, 2009, order. Therefore, I recommend the complaint be DISMISSED in its entirety for plaintiff's failure to prosecute the action and because this court lacks subject matter jurisdiction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

December 15, 2009 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge